## No. 441
### DAVIS, Direct Gen., v. LE BLOND MACH. TOOL CO.
Ohio Appeals, 1st Dist., Hamilton County
No. 1986. March 26, 1923

CARRIERS—(1) Remedies for securing charges— Third person taking title to goods from consignee— Not liable for freight.

Cushing, C. J., and Buchwalter and Hamilton, JJ.

PER CURIAM:

#### Epitomized Opinion

Error to Hamilton Common Pleas; affirmed

The question in controversy arises out of the railway shipment of two cars of iron. Both were shipped from the works on or after October 23, 1918, consigned to the R. B. Co. at Cincinnati, with a notation, "notify The O. M. & F. Co." While the shipment was in transit, R. B. & Co. informed the O. M. & F. Co. that it would not deliver the iron until it had been paid in cash, the price of both cars.

The defendant in error, The Le Blond Machine Tool Co., advanced the money, paid the invoice price for the iron, and entered into a written contract with the O. M. & F. Co. that the title to the property should remain in it (the Le Blond Co.) until it had been paid.

The Le Blond Co. turned the bill of lading over to the O. M. & F. Co. and the railroad company, without demanding payment of the freight charges, not requiring a bond to secure such payment, delivered the goods to the O. M. & F. Co., and that company surrendered the bill of lading to the railway company. The contract between the two companies provided that the O. M. & F. Co. should pay all freight, demurrage and switching charges. The Court of Appeals held:

1. A carrier has a number of methods for securing freight charges. He may demand payment of the consignor before shipment, or of the consignee before delivery, or hold either liable, or he may retain the goods and take a bond for the payment of freight.

2. The mere fact that a third person advances money for the goods and takes the title, at the time or after delivery to the consignee, does not make him liable for the payment of the freight charges. This is particularly true in this case, as the LeBlond Co. at no time was connected with or had the bill of lading.

Attorneys—H. K. Rogers, for Davis; Clark & McCauley, contra.

## No. 442
### CLEVELAND (City) v. DONALD C. SMITH
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4352. Decided April 23, 1923

CHARGE TO JURY—Special charge after failure to cover contributory negligence in general charge —General exception saves and cures the omission of special exception.

Vickery, P. J., Sullivan and Levine, JJ.

PER CURIAM:

#### Epitomized Opinion

Error to Cuyahoga Common Pleas; affirmed.

Smith, the driver of a taxicab, brought suit against the city for damages on account of an alleged collision between his cab and a city garbage truck. He obtained a judgment for $750, to which error is herein prosecuted, on two points, viz., that it is contrary to the weight of testimony, and that the court erred in its charge as to contributory negligence.

1. On the first ground the Court of Appeals found against disturbing the judgment, there being evidence in the record to sustain the contention of Smith.

2. The record shows that defendant's contributory negligence was brought into the case by the evidence, although not pleaded, and at the close of the charge, the judge not having properly covered the question, its attention was called to that fact by the attorney for the city. Thereupon the court charged the jury upon the question. To the charge as given no special exception was taken, and the attorney appeared satisfied. However, a general exception was saved to the charge, and as under the rule the question could be raised now, was the charge given a proper one? If the charge was erroneous because no contributory negligence was mentioned in the general charge, it was cured by the court complying with request of counsel for the city that it be charged. The charge conforms substantially to the law, and the trial court did not err in this respect.

Attorneys—Oscar Bell, for the City; Day, Day & Wilkin, for Smith.

## No. 443
### ADAM KREINBEIHL et al v. LAURA WAGNER et al.
Ohio Appeals, 3rd Dist., Hardin County
No. 181. Decided May 18, 1923

EXECUTORS—Chargeable with assets not accounted for.

Chittenden, Kinkade and Richards, JJ., sitting

RICHARDS, J.:

#### Epitomized Opinion

Error to Hardin Common pleas

Kreinbeihl was executor of his wife's will and the three defendants are her sisters. Mrs. K. left a will by which she devised to her husband all of her property, for life, and by a subsequent item of the will gave it to her three sisters after the death of her husband. This action was commenced by the three sisters to compel him to answer a citation and account for having concealed certain assets of the estate. A jury was waived, and upon trial to Common Pleas Judge John C. Haven, judgment of $5,523.30 was found against K. This was claimed to be against the weight of the evidence, and not sustained by sufficient evidence.

The two were married in 1906. He died in March, 1920. At the time of their marriage he had property worth about $8,000 and she about one-half that sum. The evidence discloses that her money was kept invested at interest nearly all the time, and kept a cow and chickens and received the profits arising therefrom of from $100 to $200 a year. That she was economical and did not use the money from these sources. The Court of Appeals held that a reading of his testimony convinced the court that much of the estate of his wife was not accounted for by him, especially a note of $2,193.90 signed by him and payable to his wife. That he is chargeable with this note and interest, and the amount thus arising from this item exceeds $3,000. A careful examination of that evidence convinces the court that the judgment is not manifestly against the weight of the evidence, and that it is sustained by sufficient evidence.

Attorneys—Price, Pfeiffer & Price and Mahon & Mahon, for Kreinbeihl; Stillings & Johnson and Stickle and Greene, contra.